# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>BAMBI LYNNE TEDERICK,<br><br>Debtor. | Case No. 14-10971-RGM<br>(Chapter 13) |
| BAMBI LYNNE TEDERICK,<br><br>Plaintiff,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION,<br><br>Respondent. | Contested Matter<br>(Objection to Proof of Claim 3,<br>Docket Entry 64) |

## MEMORANDUM OPINION

THIS CASE concerns the applicability of the Virginia Statute of Limitations to the enforcement of a deed of trust. The debtor asserts that the time within which the bank may enforce its deed of trust has expired and since she has no personal liability on the note, the bank's proof of claim should be disallowed.

William Henry Reese, Jr., and Virginia Reese, the debtor's parents, borrowed $140,000.00 from the bank's predecessor in interest on August 31, 1990. The loan matured on September 1, 2000. Dr. Reese filed a chapter 12 petition on February 4, 1992. The case was dismissed on April 1, 1992. He filed a chapter 11 petition on March 22, 1993. His chapter 11 plan was confirmed on August 2, 1994. The confirmed plan provides that "[e]ach secured creditor will retain its security interest pursuant to its security documents" and the bank's predecessor in interest "which is secured by a first trust" will be paid in monthly installments over 30 years. *In re William Henry Reese, Jr.,*

1

Case No. 93-11189-A, Bankr.E.D.Va., Amended Plan, Article II, Class 1 and ¶D (Docket Entry 34)[1].

The plan was confirmed on August 8, 1994. *Id.*, Order of Confirmation of Amended Plan (Docket Entry 73).

The debtor's parents owned the property as tenants by the entirety. Mrs. Reese died on December 27, 1998. Dr. Reese, the surviving tenant by the entirety, died on April 8, 2008, and the debtor inherited the property.

The applicable statute of limitations is Va.Code (1950) §8.01-241(A). It provides:

> No deed of trust . . . given to secure the payment of money . . . shall be enforced after 10 years from the time when the original obligation last maturing thereby secured shall have become due and payable according to its terms and without regard to any provision for the acceleration of such date; provided that the period of one year from the death of any party in interest shall be excluded from the computation of time.

Va.Code (1950) §8.01-229 tolls §8.01-241. It provides:

> C. Suspension during injunctions. – When the commencement of any action is stayed by injunction, the time of the continuance of the injunction shall not be computed as any part of the period within which the action must be brought.
>
> D. Obstruction of filing by defendant. – When the filing of an action is obstructed by a defendant's (I) filing a petition in bankruptcy or filing a petition for an extension or arrangement under the United States Bankruptcy Act or (ii) using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.

The confirmed plan adequately continues the deed of trust and the lien securing the bank's predecessor in interest for the intended 30-year period which ends on August 1, 2026. However,

---

[1] Dr. Reese's cases preceded the electronic case management system now in use. The docket in the old cases were converted to electronic format but the docket entry numbers changed in some instances. The docket entry numbers are the original ones noted on each pleading, not the new electronic docket entry numbers.

no documentation of the extension of the maturity of the note or the lien of the deed of trust was recorded in the land records.

The first question is, without consideration of Va.Code (1950) §8.01-241(C)[2] or the extension in the confirmed plan, whether the statute of limitations was tolled in light of Dr. Reese's bankruptcies and Dr. and Mrs. Reese's deaths.

Dr. Reese's two bankruptcies did not toll the statute of limitations because the statute of limitations did not commence to run until "the original obligation last maturing thereby secured shall have become due and payable according to its terms and without regard to any provision for the acceleration of such date." Va.Code (1950) §8.01-241(A). The note had not become due while either bankruptcy case was pending. The final decree in the chapter 11 case was entered on June 17, 1996. *In re Reese,* Final Decree (Docket Entry 97). The full 10-year period of the statute of limitations commenced after the two cases were closed.[3]

---

[2]Va.Code §8.01-241(C) provides:

> The limitations prescribed by this section may be extended by the recordation of a certificate in the form provided in §8.01-241.1 prior to the expiration of the limitation period prescribed herein in the clerk's office in which such lien is recorded and executed either by the party in whom the beneficial title to the property so encumbered is vested at the time of such recordation or by his duly authorized attorney-in-fact, or agent. Recordation of the certificate shall extend the limitations of the right to enforce the lien for 10 years from the date of the recordation of the certificate. The clerk of the court shall index the certificate in both names in the index of the deed book and give reference to the book and page in which the original writing is recorded. Unless the deed or deeds executed pursuant to the foreclosure of any mortgage or to the execution of or sale under any deed of trust is recorded in the county or city where the land is situated within one year after the time the right to enforce the mortgage or deed of trust shall have expired as hereinabove provided, such deed or deeds shall be void as to all purchasers for valuable consideration without notice and lien creditors who make any purchase of or acquire any lien on the land conveyed by any such deed prior to the time such deed is so recorded.

[3]The discharge stay does not stay an action to enforce a deed of trust, however, a confirmed chapter 11 plan may modify the rights of the secured creditor so that there is no default under the deed of trust and, therefore, no basis for a secured lender to enforce his right of sale under the deed of trust. 11 U.S.C. §1141(a).

3

Similarly, Mrs. Reese's death in 1998 was before the statute of limitations began to run and does not extend the 10-year statute of limitations. Dr. Reese's death in 2008 was during the 10-year period and, in accordance with Va.Code (1950) §8.01-241(A), added one year to the 10-year period.

Without consideration of Va.Code (1950) §8.01-241(C) or the extension in the confirmed plan, the statute of limitations on the enforceability of the deed of trust commenced on September 2, 2000 and expired on September 2, 2011. The debtor filed her chapter 13 petition on March 14, 2014.[4]

The next issue is the effect of Va.Code (1950) §8.01-241(C). It permits a secured lender to file a certificate which would extend the enforceability of its deed of trust for a period of ten years. However, it must be filed "prior to the expiration of the limitation period." No certificate was filed and it is now too late to file one. *Wilson v. Butt,* 168 Va. 259, 190 S.E. 260 (1937) is instructive. No certificate was filed in the case. The Virginia Supreme Court stated:

> The lien of this trust deed was not extended in the manner provided for by statute and so went out of being on August 6, 1924, more than two years before Mrs. Easby's death. Since it was not extended, it could not as such thereafter be revived (*Cohen v. Jenkins,* 125 Va. 635, 100 S.E. 678), unless possibly some principle of estoppel can be invoked or some fraud has been practiced.
>
> It cannot be enforced after twenty years have passed and in this respect the statute differs from that which governs the right to sue upon an ordinary promise to pay. Code, section 5810. In this latter case the provision is that no action 'shall be brought' after a designated date. The debt is not cancelled, and there is no presumption of payment. It remains as an abiding moral obligation.
>
> 'The familiar and uncontradicted rule that upholds a new promise after the bar of the Statute of Limitations has often been expressly put upon the ground that,

---

[4] A statute of limitations is extended by §108(c) of the Bankruptcy Code which provides that if the statute of limitations has not expired prior to the filing of a petition, the time within which an action may be commenced is extended to the later of the end of the limitations period and 30 days after notice of the termination of the automatic stay. This provision is only applicable in this case if the Virginia statute of limitations had not expired before this case was filed.

> though the debt is not legally enforceable, there is still a moral obligation which comes within the exception to the general rule, and is sufficient to sustain in new promise.' Note, 17 A.L.R., p. 1334, where a host of authorities are cited to sustain this rule.
>
> Ordinarily a deed of trust has in it no promise to pay and carries with it no moral obligation, both of which attach to notes and bonds and are not wiped away by statutes of limitation.

*Id.* 168 at 267-268, 190 S.E. at 263-264 (The twenty-year period is now ten years.). *See also Cunningham v. Williams,* 178 Va. 542, 17 S.E.2d 355 (1941).

The Virginia statute as applied by the Virginia Supreme Court makes clear that a certificate must be recorded prior to the expiration of the statute of limitations in order to extend the limitations period. That was not done in this case.

The bank next argues that the extension of the maturity date of the note in Dr. Reese's confirmed chapter 11 plan changes the applicable maturity date for purposes of the statute of limitations. The statute refers to the "original obligation last maturing." The original obligation was the note that matured on September 1, 2000. The confirmed chapter 11 plan modifies that note. The modified terms are not the "original obligation." The plan's provision for the continuation of the lien of the deed of trust was necessary. Without it, the property would have been free and clear of the lien. 11 U.S.C. §1141(c).[5] Even if the plan continues the effectiveness of the deed of trust for thirty years, confirmation of the plan is not sufficient to extent the statute of limitations. That can only be done by a filing in the land records.

Enforcement of the deed of trust appears barred by the statute of limitations. However, *Wilson v. Butt* raises an additional issue. Dr. and Mrs. Reese remained personally liable on the note.

---

[5]The application is not as straight-forward in Dr. Reese's case as it might appear. Mrs. Reese did not file bankruptcy and the property was held by Dr. and Mrs. Reese as tenants by the entirety. *See Alvarez v. HSBC Bank USA (In re Alvarez),* 733 F.3d 136 (4th Cir. 2013).

5

The statute of limitations on the enforceability of the note has not run. It was enforceable against Dr. Reese's estate of which the property in question was a part. The record does not address the probate of Dr. Reese's estate or the consequences that may flow to the debtor from the bank's assertion of a claim against the probate estate. The bank raises issues about the debtor continuing to make payments on the note after her father's death and, perhaps, the bank's knowledge of his death or of any probate proceedings. Other legal doctrines may preclude the debtor from raising the defense of the statute of limitations. The Court of Appeals stated:

> Virginia does recognize that the doctrine of equitable estoppel may preclude a defendant from raising expiration of the period of limitations as a defense. E.g., *Wilson v. Butt* (1937) 168 Va. 259, 190 S.E. 260 and *Sadler v. Marsden* (1933) 160 Va. 392, 168 S.E. 357. That doctrine has been described as "a standard of fair dealing applied by the courts." As applied to the statute of limitations, its central premise is that one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute (of limitations), and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought.
>
> The doctrine is, of course, most clearly applicable where the aggrieved party's delay in bringing suit was caused by his opponent's intentional misrepresentation; but deceit is not an essential element of estoppel. It is sufficient that the aggrieved party reasonably relied on the words and conduct of the person to be estopped in allowing the limitations period to expire.

*City of Bedford v. James Leffel & Co.,* 558 F.2d 216, 217-218 (4th Cir. 1977) (citations and footnotes omitted). This is consistent with Va.Code (1950) §8.01-241(D)(ii), "using any other direct or indirect means to obstruct the filing of an action."

## Conclusion

Enforcement of the deed of trust is barred by Va.Code (1950) §8.01-241 unless interposing the statute of limitation is barred by an applicable equitable consideration. The matter will be set for an evidentiary hearing on the latter matter.

Alexandria, Virginia
April 7, 2015

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Frank Bredimus
Sara A. John
Thomas P. Gorman

19926